UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JESSICA FINK
on behalf of herself and all others similarly situated,

        Plaintiff,

  -v-                                              No. 08 Civ. 9628 (LTS)(KNF)

TIME WARNER CABLE,

        Defendant.

-------------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

        Plaintiff Jessica Fink ("Plaintiff") brings this putative nationwide class action pursuant to 18 U.S.C. § 1030, asserting claims for violations of the Computer Fraud and Abuse Act ("CFAA") against defendant Time Warner Cable ("Defendant" or "Time Warner"). Plaintiff alleges that Defendant wrongfully limits Plaintiff's use of certain peer-to-peer applications without authorization and thereby causes damage to Plaintiff's computer. Plaintiff also asserts various state law claims stemming from alleged misrepresentations by Defendant concerning the nature and quality of its internet service. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367.[1]

        Defendant moves to dismiss the case pursuant to Rule 12(b)(6) of the Federal Rules

---

[1] Plaintiff also asserts in her complaint that the Court has diversity jurisdiction of the action, citing the Class Action Fairness Act of 2005. Plaintiff's allegations are insufficient, however, to demonstrate the existence of such jurisdiction insofar as she has failed to allege facts demonstrating that there is at least one diverse class member and that the amount in controversy exceeds $5,000,000 in the aggregate. See 28 U.S.C. § 1332(d)(2), (6).

of Civil Procedure for failure to state a claim upon which relief can be granted. Plaintiff, citing Rule 12(f) of the Federal Rules of Civil Procedure, moves to strike documents submitted by Defendant in support of the motion to dismiss, arguing that they are outside the scope of the pleadings. The Court has considered carefully all of the parties' submissions. For the following reasons Defendant's motion is granted, without prejudice to the filing of an amended complaint.

BACKGROUND

The Complaint

The following summarizes the facts and allegations set forth in Plaintiff's complaint (the "Complaint"). Plaintiff's factual assertions are assumed to be true for the purposes of this motion unless otherwise noted.

Time Warner, with its headquarters and principal place of business within this district, is a large entertainment and media corporation that serves as an Internet Service Provider ("ISP") to subscribers of its Road Runner High Speed Online internet service ("Road Runner"). (Comp. ¶¶ 9, 14.) In advertising this service, Time Warner makes a number of representations about the superior speed of its internet connection.[2] As a result of such representations, Defendant is able to charge customers a premium over its competitors. (Comp. ¶ 17.)

Plaintiff subscribed to Road Runner service during the Class Period and alleges that

---

[2] Time Warner advertises Road Runner as an "always-on connection" with "blazing speed" that is the "fastest, easiest way to get online" claiming that "Road Runner Honors Your Need for Speed; You'll Never Get Road Rage with Road Runner." (Comp. ¶ 16.) Comparing its service to that of its competitors, Time Warner claims that Road Runner is "up to 3 times the speed of most standard DSL packages and up to 100x faster than dial-up so your family can spend time on the computer learning, experiencing, and playing - instead of waiting." (Id.) In addition, the Complaint notes that the name "Road Runner" evokes a cartoon character known for its extremely fast speed. (Comp. ¶ 2.)

Defendant engaged in an unauthorized practice, known as "throttling," to interfere with and limit subscribers' internet communications. (Id. ¶¶ 3, 13.) Specifically, Defendant's throttling activity interferes with its subscribers' ability to share online content via peer-to-peer ("P2P")[3] transmissions by disrupting the Transmission Communication Protocol ("TCP")[4] on subscribers' computers. (Id. ¶¶ 19-20, 22.) When a computer finds that a P2P transmission is being blocked, it communicates TCP messages called "reset" packets ("RST packets") that cause inbound Internet connections to close down and thereby abort the transmission of the P2P data. (Id. ¶ 22.) Defendant thwarts its subscribers' efforts to share online content via P2P networks by sending forged RST packets to their computers, causing the computers engaged in P2P file sharing to abort the file transfers and stop communication. (Id.) The forged RST packets are inconspicuous to the user and seem to be sent or received by Plaintiff's computer, telling the other computer involved in the file transfer to cease communicating with it. (Id. ¶ 23.) Defendant's throttling practice impairs the integrity or availability of data and information on Plaintiff's computer. (Id. ¶ 40.) Plaintiff asserts that this throttling practice is contrary to Defendant's advertisements about the quality of the Road Runner connection and contends that this practice was not disclosed in Time Warner's Terms of Use for Road Runner. (Id. ¶ 18.) Plaintiff believes that Time Warner throttles free online content to induce

---

[3]  P2P file sharing networks utilize the cumulative bandwidth of network participants instead of conventional centralized resources, enabling users to share digital files containing audio, video, data, and real-time data such as internet telephone communications. (Comp. ¶ 20.) Plaintiff alleges that such transmissions account for roughly half of all internet traffic. (Id.)

[4]  According to a Wikipedia passage quoted in the Complaint, TCP governs the end systems in an internet transmission of data, providing a reliable delivery of a stream of bytes from one program on one computer to a program on another computer, allowing users to view data from websites, e-mail, and file transfers over the internet. (Comp. § 19.)

its subscribers to purchase premium services at an additional cost. (Id. ¶ 5.)

## DISCUSSION

In considering a motion to dismiss a complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept as true all factual statements alleged in the complaint and draw reasonable inferences in favor of the non-moving party." McCarthy v. Dunn & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) (internal citations omitted). For a complaint to survive a motion to dismiss, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). This Twombly standard applies to all civil actions. Iqbal, 129 S. Ct. at 1953.

The complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor is a complaint sufficient if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (citations omitted). Furthermore, the factual allegations in a pleading should furnish "grounds" of a plaintiff's entitlement to relief that rise above the speculative level. Twombly, 550 U.S. at 545.

"Contract" Documents Proffered by Defendant

Defendant's dismissal motion is focused principally on the content of documents, consisting primarily of a work order, a printed form "Residential Services Subscriber Agreement" and an "Operator Acceptable Use Policy," that it proffers, with allegations concerning the authenticity of the documents and Plaintiff's acceptance of their terms, as comprising the contract between Plaintiff and Defendant. (See Affidavit of Frank McKeon and exhibits thereto.) Defendant

asserts that the documents should be deemed incorporated by reference in the Complaint, which includes breach of contract claims, and that their content contradicts Plaintiff's characterization of the terms of the parties' relationship and Defendant's disclosures, thus precluding Plaintiff's claims. Plaintiff denies that she relied upon the documents in preparing her claims and has moved, purportedly pursuant to Rule 12(f) of the Federal Rules of Civil Procedure,[5] to "strike" the declarations and attachments.

Where a plaintiff has actual notice of the information contained in extraneous materials and has relied on the documents in drafting the complaint, a court may consider the document on a motion to dismiss. Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002). A plaintiff's "reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." Id. at 153 (citations omitted). A court may thus consider documents which are integral to the complaint or are incorporated by reference in the pleadings. Dujardin v. Liberty Media Corp., 359 F. Supp. 2d 337, 347 (S.D.N.Y. 2005).

Rule 12(d) addresses the consequences of presentation of matter outside of the pleadings in connection with a Rule 12(b)(6) motion. It provides that, if such matter is not excluded by the court, the motion must be converted into one for summary judgment pursuant to Rule 56 and the parties given a reasonable opportunity to present all pertinent material. Having considered Defendant's evidentiary proffers as to the nature and content of the parties' contract, the Court has determined to exclude them from consideration in connection with its determination of the instant Rule 12(b)(6) motion. The Complaint does not refer specifically to any of the

---

[5]     Rule 12(f) authorizes motions to strike from pleadings insufficient defenses "or any redundant, immaterial, impertinent or scandalous matter."

documents, and acceptance of the documents as comprising the contract would require the Court to accept as true Defendant's testimonial proffers as to the timing of the parties' agreement and the relationship among and accessibility to Plaintiff of the various documents. These issues take Defendant's proffers outside the scope of matters "integral" to the Complaint that should properly be considered in the context of a motion to dismiss. Nor is it appropriate to convert the motion to one for summary judgment at this stage, as it appears unlikely that there will be an undisputed factual record sufficient to permit resolution of Defendant's contract-based arguments on this motion practice.

Defendant also argues the legal insufficiency of Plaintiff's pleadings in connection with her various causes of action. The Court examines first the parties' contentions concerning Plaintiff's federal cause of action, for violation of the Computer Fraud and Abuse Act.

Computer Fraud and Abuse Act

Plaintiff alleges that Time Warner violated the CFAA by sending false RST packets either to or from her computer without her authorization, disrupting her file transfers and thereby causing damage.

The CFAA is a criminal statute that also provides a civil remedy for violations of the statute, which is codified as 18 U.S.C. § 1030. See 18 U.S.C. § 1030(g). Plaintiff's Complaint does not identify which section of the CFAA Time Warner allegedly violated. The Complaint's allegations only appear, however, to fall even arguably within the scope of one CFAA provision, section 1030(a)(5). Section 1030(a)(5)'s three subclauses provide for liability under the following circumstances: Subclause (A) provides for liability of a person who "knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct,

intentionally causes damage without authorization, to a protected computer." 18 U.S.C.A. § 1030(a)(5)(A) (West 2009).  Subclause (B) provides for liability of a person who "intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage."  Id. at § 1030(a)(5)(B).  Subclause (C) provides for liability of a person who "intentionally accesses a computer without authorization, and as a result of such conduct, causes damage and loss."  Id. at § 1030(a)(5)(C).  Each subclause requires that Plaintiff allege "damage" as a result of Defendant's misconduct.  CFAA defines "damage" as "any impairment to the integrity or availability of data, a program, a system or information[,]" 18 U.S.C.A. §1030(e)(8), and "loss" as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service[.]"  Id. §1030(e)(11) (West 2009).

*"Damage and Loss"*

Defendant argues that the Complaint fails to state a CFAA claim because it does not allege both "damage" and "loss."[6]  Plaintiff, citing 18 U.S.C. §1030(g), contends that she need only allege one or the other.  CFAA's civil action provision requires, in relevant part, that Plaintiff specify a "loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value."  18 U.S.C.A §§ 1030(c)(4)(A)(i)(I), §1030(g) (West 2009).  Plaintiff makes no allegations of "loss" within the meaning of the statute.

---

[6]  Time Warner also argues, among other things, that the sending of RST packets does not constitute "access" within the meaning of the CFAA section 1030(a)(5)(C).  In light of the Court's determination as to the "damage" and "loss" issues it is not necessary to discuss Time Warner's additional arguments, which do not warrant dismissal of the Complaint on the current record.

Plaintiff's CFAA claim must be dismissed because Plaintiff's allegations of "damage" are insufficiently factual and because, in the context of the claim that she has asserted, she must also allege "loss." With respect to "damage," Plaintiff alleges only that "Defendant causes damage by impairing the integrity or availability of data and information, as well as certain communications and protocols." (Compl. ¶40.) This allegation merely parrots the statutory language and is thus insufficiently factual to frame plausibly the damages element of Plaintiff's CFAA claim. Iqbal, 129 S. Ct. at 1949 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") Plaintiff's CFAA allegation also requires the identification of "loss." Although the introductory clause of subsection 1030(g), which authorizes civil actions, refers to such actions by a person "who suffers damage or loss," the civil action authority is further conditioned on the existence of "conduct involv[ing] 1 of the factors set forth" in enumerated subclauses of subsection (c)(4)(A)(i) of the statute. The only one of the subclauses that appears potentially applicable to Plaintiff's claims (and the only one upon which Plaintiff's complaint appears to rely) requires "loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value." 18 U.S.C.A. §1030(c)(4)(A)(i)(I) (West 2009) (emphasis supplied); Compl. ¶41.

Thus, Plaintiff has failed to plead adequately her claim for a violation of the CFAA. The Court will grant Defendant's motion to dismiss the CFAA claim without prejudice, allowing Plaintiff the opportunity to replead her Complaint to demonstrate sufficient grounds for relief. In light of the Court's conclusions regarding the insufficiency of Plaintiff's federal CFAA claim and her failure to plead CAFA diversity jurisdiction, the Court declines at this juncture to exercise supplemental jurisdiction of Plaintiff's state law claims. Plaintiff may renew those claims in an

amended complaint reasserting her CFAA claim or demonstrating a basis for the exercise of subject matter jurisdiction of the state law claims.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Complaint is granted without prejudice to the filing by **August 7, 2009,** of an amended complaint reasserting her federal CFAA claim and any state claims she wishes to pursue. Failure to file a timely amended complaint will result in the dismissal, without further advance notice to Plaintiff, with prejudice of Plaintiff's CFAA claim.

This Memorandum Opinion and Order resolves Docket Entry Nos. 9 and 17. The initial pretrial conference scheduled for July 30, 2009, is adjourned to October 9, 2009, at 11:15 AM and the related deadlines are modified accordingly.

SO ORDERED.

Dated: New York, New York
July 23, 2009

/s/ LAURA TAYLOR SWAIN
United States District Judge