UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

JESSICA FINK et al.,

        Plaintiffs,

   -v-

TIME WARNER CABLE,

        Defendant.

--------------------------------------------------------x

No. 08 Civ. 9628 (LTS)(KNF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2 8 OCT 2011

### MEMORANDUM ORDER

Defendant Time Warner Cable ("Defendant" or "Time Warner") moves for reconsideration of the Court's September 6, 2011 Memorandum Opinion and Order (the "September 2011 Opinion") denying Defendant's motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) with respect to Counts I and II of Plaintiffs' First Amended Complaint (the "Complaint").

A motion for reconsideration under Local Rule 6.3 is evaluated under the same standard as an application to alter or amend a judgment under Fed.R.Civ.P. 59(e). Williams v. N.Y. City Dep't of Corr., 219 F.R.D. 78, 83 (S.D.N.Y. 2003). Such a motion is neither an opportunity for the movant to take a "second bite at the apple," Rafter v. Liddle, 288 Fed. App'x 768, 769 (2d Cir. 2008), nor "a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion." Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003). Rather, the party moving for reconsideration bears the heavy burden of showing "an intervening change of controlling law,

the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotations omitted).  Here, the Court finds that Defendant has met its burden.  The motion for reconsideration is granted, and the Court hereby dismisses Counts I and II of the Complaint pursuant to Fed.R.Civ.P 12(c), for failure to state a claim for relief.

The Complaint alleges the following violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"): violation of § 1030(a)(5)(A) (Count I); violation of § 1030(a)(5)(B) (Count II); and violation of § 1030(a)(5)(C) (Count III).  These sections provide that an entity violates the CFAA if it:

> (A)  knowingly causes the transmission of program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer;
>
> (B)  intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage; or
>
> (C)  intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss.

18 U.S.C.A. § 1030(a)(5) (West Supp. 2011).  In its September 2011 Opinion, the Court dismissed Count III of the Complaint because a cause of action under § 1030(a)(5)(C) requires allegations of both "damage" and "loss," and Plaintiffs did not properly allege "loss" as defined by the CFAA.  See Fink v. Time Warner Cable, No. 08 Civ. 9628 (LTS)(KNF), 2011 WL 3962607, at *5 (Sept. 7, 2011).  The Court sustained Counts I and II of the Complaint on the ground that the text of the relevant subdivisions of section 1030(a)(5) required only allegations of "damage." Id. at *6.

The Court did not discuss § 1030(g) of the CFAA, which establishes the threshold condition that "a civil action for a violation of [the CFAA] may be brought only if the conduct

involves one of [the following factors]":

> (I)     loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value;
>
> (II)    the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals;
>
> (III)   physical injury to any person;
>
> (IV)    a threat to public health or safety; [or]
>
> (V)     damage affecting a computer used by or for an entity of the United States Government in furtherance of the administration of justice, national defense, or national security.

18 U.S.C.A. §§ 1030(c)(4)(A)(i)(I) - (V) (West Supp. 2011). The only factor applicable to this

case is the first - "loss to 1 or more persons during any 1-year period . . . aggregating at least

$5,000 in value." As explained in the September 2011 Opinion, section 1030 defines the

statutory term "loss" and Plaintiffs have failed adequately to allege "loss" for purposes of the

CFAA. Plaintiffs thus do not meet the threshold condition established by section 1030(g) and all

of their CFAA claims must be dismissed. See, e.g., Marketing Technology Solutions v.

Medizine LLC, No. 09 Civ. 8122 (LMM), 2010 WL 2034404, at *6-7 (S.D.N.Y. May 18, 2010)

(applying the CFAA's definition of loss to the threshold requirement that the complaint allege

"loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value,"

and dismissing claim); Civic Center Motors v. Mason Street Import Cars, 387 F. Supp. 2d 378,

381-82 (S.D.N.Y. 2005) (dismissing claim for violation of § 1030(a)(5) because plaintiffs failed

to allege losses under the CFAA sufficient to meet the $5,000 threshold requirement); Nexans

Wires S.A. v. Sark-USA, Inc., 319 F. Supp. 2d 468, 471-72 (S.D.N.Y. 2004) (dismissing claim

for violation of §§ 1030(a)(5)(A) - (C) because plaintiffs failed to allege losses under the CFAA sufficient to meet the $5,000 threshold requirement)[1].

Accordingly, Counts I and II of the Complaint are dismissed with prejudice, as Plaintiffs were already given an opportunity to replead those causes of action. This Order resolves docket entry no. 65.

A pre-trial conference is scheduled for December 2, 2011, at 9:45 a.m.

Dated: New York, New York
      October 28, 2011

LAURA TAYLOR SWAIN
United States District Judge

---

[1]    The plaintiffs in Nexans alleged violations of § 1030(5)(A)(i)-(iii) of an earlier version of the CFAA which corresponds to current § 1030(a)(5)(A)-(C).